UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-13-4484 - RGK (AS) | Date | January 30, 2014 |
|---|---|---|---|
| Title | Roberto Cruz, Petitioner v. Ralph M. Diaz, Respondent. | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| N/A | | N/A |

**Proceedings:**     **(IN CHAMBERS)** ORDER TO SHOW CAUSE

On June 20, 2013, Petitioner Roberto Cruz ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254 (Docket Entry No. 1). On December 20, 2013, the Court issued an Order finding the Petition to be a mixed petition, subject to dismissal (Docket Entry No. 23).   See Rose v. Lundy, 455 U.S. 509, 522 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

The Court's Order explained that the following five grounds asserted in the Petition were unexhausted:

1. Petitioner's right to present a defense was impaired by the trial court's evidentiary rulings (Ground 4 in the Petition);
2. Petitioner's trial suffered from cumulative error (Ground 6 in the Petition);
3. Petitioner's appellate counsel rendered ineffective assistance by failing to raise the claim that juror misconduct occurred at trial (Ground 7 in the Petition);
4. Petitioner's trial counsel rendered ineffective assistance by failing to investigate a witness who could have provided exculpatory evidence (Ground 8 in the Petition); and
5. Petitioner's appellate counsel rendered ineffective assistance by failing to argue that Petitioner's due process rights had been violated (Ground 9 in the Petition).

The Court ordered Petitioner to choose one of the following four options: (1) voluntarily dismiss the action without prejudice; (2) voluntarily dismiss his unexhausted claims and proceed on only the exhausted claims; (3) file a motion for a stay pursuant to Rhines v. Weber, 544 U.S. 269, 277 (2005); or (4) dismiss his unexhausted claims and seek a stay of the exhausted claims in order to return to state court to exhaust his dismissed claims, pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). On January 27, 2014, Petitioner filed a Motion for Stay and Abeyance of this Petition ("Motion") (Docket Entry No. 24), pursuant to Rhines.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-13-4484 - RGK (AS) | | Date | January 30, 2014 |
|---|---|---|---|---|
| Title | Roberto Cruz, Petitioner v. Ralph M. Diaz, Respondent. | | | |

In order to obtain a stay under Rhines, a petitioner is required to make a showing that there is "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278.

The Court finds that, as an initial matter, Petitioner has failed to demonstrate good cause for the failure to exhaust. The two cases cited by Petitioner in support of his good cause for the failure to exhaust are unpersuasive. Riner v. Crawford, 415 F.Supp.2d 1207 (D.Nev. 2006) concerned the Ninth Circuit's remand of a case to district court so that the district court could consider Petitioner's reasons for good cause, in light of the then-recently decided Rhines case. Id.. Gaston v. Palmer, 417 F.3d 1050 (9th Cir. 2005), does not involve a motion for a stay or the requirement of good cause. With respect to Petitioner's requirement to show that his unexhausted claims are meritorious, Petitioner fails to address whether Grounds 4, 6 or 9 are meritorious.

As indicated above, in order to establish entitlement to a Rhines stay, a Petitioner must demonstrate (1) good cause for the failure to exhaust; (2) claims that are potentially meritorious; and (3) the absence of dilatory tactics on Petitioner's part. Rhines, 544 U.S. at 278. Petitioner has failed to show good cause for all five of the unexhausted claims and has failed to even address whether three of his unexhausted claims are meritorious.

Petitioner is HEREBY ORDERED TO SHOW CAUSE why this action should not be dismissed as a mixed Petition, pursuant to Rose, 455 U.S. at 522. Petitioner is expressly advised to confine his response to this order as to why there exists good cause for his failure to exhaust and why the unexhausted claims are meritorious, and to limit his response to this Order to ten (10) pages, exclusive of attachments and exhibits. The Court will also afford Petitioner one final opportunity to avail himself of the other three options, if he so chooses, from the Court's December 20, 2013 Order:

**Option 1:** Petitioner may request a voluntary dismissal of this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** However, Petitioner is advised that any dismissed claims may later be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1): "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Option 2:** Petitioner may request a voluntary dismissal of his unexhausted claims and elect to proceed on only his exhausted claims. Petitioner may also use the attached Notice of Dismissal form in order to select this option. However, Petitioner is advised that if he elects to proceed with his exhausted claims, any future habeas petition containing his unexhausted claims or other claims that could have been raised in the instant Petition (but were not) may be rejected as successive.

**Option 3:** Petitioner may withdraw his Motion filed on January 27, 2014, dismiss his unexhausted claims and, pursuant to Kelly, file a motion seeking a stay of his remaining exhausted claims while Petitioner returns to the state courts to exhaust his dismissed claims. Petitioner is warned, however, that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-13-4484 - RGK (AS) | Date | January 30, 2014 |
|---|---|---|---|
| Title | Roberto Cruz, Petitioner v. Ralph M. Diaz, Respondent. | | |

after he has exhausted his unexhausted claim in state court, he will be able to amend his federal Petition to add these claims only if the claims are timely and "relat[e] back," to the claims in the pending petition. King v. Ryan, 564 F.3d at 1140-41; Mayle v. Felix, 545 U.S. at 664.

Petitioner must file a response to this Order within fourteen days, or no later than **February 13, 2014.**

**Petitioner is expressly warned that failure to timely file a declaration or other response to this ORDER may result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

**Petitioner is further warned that if he does not select one of the four options to address the fact that his Petition contains unexhausted claims, the Petition will be subject to dismissal as mixed.**