UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-13-4484 - RGK (AS) | Date | July 1, 2014 |
|---|---|---|---|
| Title | Roberto Cruz, Petitioner v. Ralph M. Diaz, Respondent. | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| N/A | | N/A |

**Proceedings:**     **(IN CHAMBERS)** ORDER TO SHOW CAUSE

On June 20, 2013, Petitioner Roberto Cruz ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254 (Docket Entry No. 1). On December 18, 2013, Respondent filed a Motion to Dismiss, contending that the Petition was a mixed petition, containing both exhausted and unexhausted claims (Docket Entry No. 20). On December 20, 2013, the Court issued an Order finding the Petition to be a mixed petition, subject to dismissal (Docket Entry No. 23). See Rose v. Lundy, 455 U.S. 509, 522 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."). On February 24, 2014, Petitioner filed what the Court construed as a Motion to Dismiss his unexhausted claims and to stay his exhausted claims (Docket Entry No. 28), pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). On April 24, 2014, the Court granted Petitioner's motion to dismiss his unexhausted claims, stay his exhausted claims and ordered Petitioner beginning June 23, 2014, to file status reports every sixty (60) days, addressing the status of Petitioner's efforts at exhaustion in the state courts (Docket Entry No. 30). To date, Petitioner has failed to file a status report.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the Court should not dismiss this action for failure to prosecute. Petitioner must file a response to this Order no later than **August 1, 2014. Petitioner is expressly warned that failure to file a timely response to this Order may result in a recommendation that this action be dismissed without prejudice for failure to comply with Court Orders. See Rule 12, Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 41(b).**