UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-13-4484 - RGK (AS) | Date | March 3, 2015 |
|---|---|---|---|
| Title | Roberto Cruz, Petitioner v. Ralph M. Diaz, Respondent. | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| N/A | | N/A |

**Proceedings:**     **(IN CHAMBERS)** ORDER TO SHOW CAUSE

On June 20, 2013, Petitioner Roberto Cruz ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254 (Docket Entry No. 1). On December 20, 2013, the Court issued an Order finding the Petition to be a mixed petition, subject to dismissal (Docket Entry No. 23). See Rose v. Lundy, 455 U.S. 509, 522 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."). On February 24, 2014, Petitioner filed what the Court construed as a Motion to Dismiss his unexhausted claims and to stay his exhausted claims pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir.2003) overruled on other grounds by Robbins v. Crey, 481 F.3d 1143 (9th Cir. 2007) (Docket Entry No. 28). On April 24, 2014, the Court granted Petitioner's motion to dismiss his unexhausted claims and stay his remaining exhausted claims and permit Petitioner to present the unexhausted claims to the California Supreme Court (Docket Entry No. 30).The Court ordered Petitioner to file status reports every sixty (60) days, addressing the status of Petitioner's state habeas petition, including the date it was filed, the court in which it is pending, the case number and any recent activity. Id. at 3.

On July 1, 2014, the Court issued an Order to Show Cause why this action should not be dismissed for failure to prosecute because Petitioner had failed to file the requested status report (Docket Entry No. 31). On August 14, 2014, Petitioner filed a status report indicating that he "had filed his unexhausted claim with the California Supreme Court . . . Thus far he has not heard from the state court. " (Docket Entry No.33). Accordingly, the Court discharged its Order to Show Cause on August 20, 2014, ordered Petitioner to file his next status report no later than October 13, 2014 and to comply with the Court's April 24, 2014 Order (Docket Entry No. 35). Petitioner filed status reports on October 15, 2014 and November 21, 2014 (Docket Entry Nos. 36-37) indicating that he had "not heard from the California Supreme Court about his unexhausted issues that he filed with the California Supreme Court." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-13-4484 - RGK (AS) | Date | March 3, 2015 |
|---|---|---|---|
| Title | Roberto Cruz, Petitioner v. Ralph M. Diaz, Respondent. | | |

As of the date of this Order, Petitioner has not filed a status report within 60 days of the date on which his most recent status report was filed.

Moreover, it appears that Petitioner has failed to diligently pursue state habeas relief. According to the California Courts' website,[1] there is no record of Petitioner filing a habeas petition in the California Supreme Court subsequent to the filing of his federal habeas petition.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the Court should not vacate the stay of this action. Petitioner must file a response to this Order **no later than April 2, 2015. Any response to this Order must include the following information: the status of Petitioner's state habeas petition, including the date it was filed, the court in which it is pending, the case number and any recent activity.**

**Petitioner is expressly warned that failure to file a timely response to this Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders. See Fed. R. Civ. P. 41(b); Rule 12, Rules Governing Section 2254 Cases in the United States District Courts.** Petitioner is also reminded that, as set forth in the Court's previous Orders, his petition is subject to dismissal as a mixed petition.

---

[1] The Court takes judicial notice of state court records that are available on the California Courts' website at http://appellatecases.courtinfo.ca.gov (last visited March 3, 2015).